IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROTHSCHILD PATENT IMAGING LLC, | § § § | |
| Plaintiff, | § § | Case No: 1:22-cv-01161-NLH-AMD |
| vs. | § § | PATENT CASE |
| H&M SYSTEM SOFTWARE, INC., | § § | JURY TRIAL DEMANDED |
| Defendant. | § § § | |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, Plaintiff Rothschild Patent Imaging, LLC ("Plaintiff" and/or "RPI") brings this Motion for Default Judgment against Defendant, H&M System Software, Inc. ("Defendant" and/or "H&M Software"), and in support, states:

### I.
### BACKGROUND

1. On March 3, 2022, Plaintiff filed its Complaint [Doc. 1] against Defendant, alleging infringement of U.S. Patent No. 8,437,797 ("the '797 Patent") under 35 U.S.C. §§271.

2. On March 21, 2022, Plaintiff's process server personally served Defendant with the Summons and Complaint on Defendant's registered agent, P&P Aviation, Inc., at 1232 Choptank Rd., Middletown, DE 19709.

3. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), Defendant was required to answer or otherwise respond to the Complaint by April 21, 2022. Defendant failed to do so.

4. On July 28, 2022, Plaintiff requested a Clerk's Certificate of Default Judgment pursuant to Federal Rule of Civil Procedure 55(a) [Doc. 5].

5. On July 29, 2022, the Clerk of the Court issued the Clerk's Certificate of Default [Doc.6].

## II.
## LEGAL STANDARD

6. "Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'" *Elec. Creations Corp. v. Gigahertz, Inc.*, No. 12-CV-1423, 2013 WL 3229125, at *3 (quoting *Robertson v. Doe*, No. 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008)).

7. First, under Rule 55(a), when a party fails to plead or otherwise defend . . . the clerk must enter the party's default. Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court. . . . Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment.

8. Whether entry of default judgment at the second step is appropriate depends upon whether the allegations against the defaulting party are well-pleaded. *See Mickalis Pawn Shop,* 645 F.3d at 137.

9. The legal sufficiency of these claims is analyzed under the familiar plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), aided by the additional step of drawing inferences in the movant's favor. *Belizare,* 61 F. Supp. 3d at 344.

## III.
## DEFAULT JUDGMENT IS PROPER

10. Federal Rule of Civil Procedure 55(b) authorizes Plaintiff to seek, and the Court to enter, default judgment against a party who has failed to plead or otherwise defend an action.

11. The Court possess jurisdiction over this action pursuant to Section pursuant to 28 U.S.C §§ 1331. Venue properly lies with this Court pursuant to 28 USC §1400(b) because Defendant is deemed to be a resident of this District and alternatively, Defendant committed the acts of infringement alleged in the Complaint within this District.

12. Defendant has not shown a meritorious defense to the action.

13. Plaintiff will suffer prejudice if default judgment is not entered.

## IV.
## RELIEF REQUESTED

14. Section 284 of the Patent Statute (35 U.S. Code § 284) envisages that a patentee is entitled to damages which are adequate to compensate for any kind of infringement of his patents and that said compensation cannot be less than a reasonable royalty for the use made of the invention by the infringer.

15. Plaintiff respectfully submits that damages should be based upon the previous licenses as set forth in the Declaration of Damages attached to this Motion.

16. At minimum, damages should be no lower than $14,619.05.

17. Plaintiff respectfully requests this Court to enter a default judgment in favor of the Plaintiff ordering Defendant to pay Plaintiff damages in the amount of at least $14,619.05, but no less than $40,000.00.

Dated: November 10, 2022.                    Respectfully submitted,

                                                         */s/Mark A. Kriegel*
                                                         **MARK KRIEGEL**
                                                         **LAW OFFICE OF MARK A. KRIEGEL, LLC**
                                                         1479 Pennington Rd.
                                                         Ewing, NJ 08618
                                                         (609) 883-5133
                                                         Fax: (609) 450-7237
                                                         mkriegel@kriegellaw.com

                                                        **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I hereby certify that on November 10, 2022, I electronically filed the above document(s) with the Clerk of Court using CM/ECF and sent a copy to the following by US First Class Mail and by US First Class Mail Certified Mail Return Receipt Requested.

H&M System Software, Inc.
c/o P&P Aviation, Inc.
1232 Choptank Rd.
Middletown, DE 19709

                                                        */s/Mark A. Kriegel*
                                                        **MARK KRIEGEL**